IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-02287-CNS

JOSE ALBERTO SANCHEZ,

    Petitioner,

v.

PAM BONDI, Attorney General,
ERNESTO SANTACRUZ, U.S. ICE Field Office Director for the Colorado Field Office,
KRISTI NOEM, U.S. Secretary of Homeland Security, and
JOHNNY CHOATE, Warden of GEO Group Inc., Aurora,

    Respondents.

## ORDER

Before the Court is Petitioner Jose Alberto Sanchez's Emergency Motion for Temporary Restraining Order (TRO) and Preliminary Injunction and Stay of Administrative Action. ECF No. 7. On August 1, 2025, the Court set a briefing schedule regarding Mr. Sanchez's motion, instructing Respondents to file a response on or before August 11, 2025, and Mr. Sanchez to file a reply on or before August 18, 2025. ECF No. 9. Mr. Sanchez has not filed a reply brief. Having considered the parties' briefing, case file, and relevant legal authority, as explained below the Court DENIES Mr. Sanchez's motion. In doing so, the Court presumes familiarity with the underlying procedural history of Mr. Sanchez's immigration proceedings, and this case's factual and procedural background.

1

## I.     LEGAL STANDARD

The legal standard governing TROs is the same standard governing preliminary injunctions. *See Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020) (citation omitted); *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 81 (D.D.C. 2018) ("Like a preliminary injunction, a temporary restraining order is an extraordinary form of relief."). To prevail on a TRO motion, movants must show: "(1) they are 'likely to succeed on the merits,' (2) they are 'likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'the balance of equities tips in [their] favor,' and (4) 'an injunction is in the public interest.'" *M.G. through Garcia v. Armijo*, 117 F.4th 1230, 1238 (10th Cir. 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The final two factors "merge" when the government "is the opposing party." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1278 (10th Cir. 2022) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). "An injunction can issue only if each factor is established." *Denver Homeless*, 32 F.4th at 1278 (citing *Winter*, 555 U.S. at 23–24).[*]

---

[*] Regarding this legal standard, the Court observes that the Tenth Circuit has articulated competing standards for the first factor movants must satisfy. *Compare M.G.*, 117 F.4th at 1238 (explaining movants must show "they are 'likely to succeed on the merits'") (quoting *Winter*, 555 U.S. at 20), *with Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 112 (10th Cir. 2024) ("A plaintiff seeking [a preliminary] injunction must establish . . . a *substantial likelihood* that they will ultimately succeed on the merits of their suit.") (citing *Winter*, 555 U.S. at 22) (emphasis added); and *Harmon v. City of Norman, Oklahoma*, 981 F.3d 1141, 1146 (10th Cir. 2020) ("In order to obtain a preliminary injunction, Plaintiffs must show that (1) they are substantially likely to succeed on the merits of their claims." (citation omitted)). First, *Winter* does not appear to impose a "substantial" requirement on movants. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is *likely to succeed on the merits*." (citation omitted) (emphasis added)). Second, to the extent there is any confusion as to this first element's standard, in the Court's eyes the Supreme Court recently clarified it. *See Mahmoud v. Taylor*, 606 U.S. ----, 145 S. Ct. 2332, 2350 (2025) ("To obtain that form of preliminary relief, [movants] must show that they are likely to succeed on the merits.") (citing *Winter*, 555 U.S. at 20). Accordingly, and consistent with the Supreme Court's guidance, the Court eschews imposing a "substantial" requirement on Mr. Sanchez—notwithstanding the Tenth Circuit's periodic and contrary instruction. *See, e.g., Mahmoud*, 145 S. Ct. at 2350; *Winter*, 555 U.S. at 20.

## II.  ANALYSIS

Respondents advance numerous arguments explaining why Mr. Sanchez has not met his TRO burdens. *See generally* ECF No. 15. Notwithstanding Mr. Sanchez's apparent waiver of any challenge to these arguments through his failure to file a reply, *see, e.g., Expert Prop. Mgmt. LLC v. McLin*, No. 23-cv-03416-GPG-SBP, 2025 WL 1251233, at *2, the Court agrees with Respondents that the relief Mr. Sanchez seeks mirrors the relief sought by a recently certified class in another judicial district, barring temporary relief in his case. For this reason, the Court need not address Respondents' remaining arguments.

As Respondents observe, *see* ECF No. 15 at 15, a court in the District of Massachusetts has certified a class under Federal Rule of Civil Procedure 23(b)(2) of

> All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

*D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025). While the Supreme Court has stayed the district court's issuance of a preliminary injunction, the Supreme Court did not disturb the district court's class certification order. *See Dep't of Homeland Sec. v. D. V. D.*, 145 S. Ct. 2627, 2629–30 (2025). Nor is there anything in the district court's docket indicating that its class certification order has been disturbed.

The Court agrees with Respondents that the relief Mr. Sanchez seeks places him within, and as a member of, of *D.V.D.*'s certified Rule 23(b)(2) class. *See* ECF No. 15 at

3

16. *See also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) ("[Rule 23(b)] provides no opportunity for (b)(1) or (b)(2) class members to opt out."). Mr. Sanchez represents throughout the memorandum in support of his TRO motion that his habeas application is premised on the absence of "any notice or opportunity to apply for protection from removal . . ." ECF No. 7-2 at 2. *See also id.* at 7 ("Plaintiff is likely to prevail on his challenge to Defendants' policy or practice of deporting, or seeking to deport, them to a *third* country . . . without first providing them with notice or opportunity to contest removal on the basis that they have a fear of prosecution."); *id.* ("DHS's policy or practice of failing to afford meaningful notice and an opportunity to present a fear-based claim prior to removal to a third country violates [the] INA."); *id.* at 9 ("Providing such notice and opportunity to present a fear-based claim prior to deportation also implements the United States' obligations under international law."); *id.* at 10 ("[N]oncitizens are not being detained pursuant to a lawful removal process—they have no procedural protections.").

This is the same relief upon which *D.V.D.* premised and certified its Rule 23(b)(2) class. *See D.V.D.*, 778 F. Supp. 3d at 378, 386, 392. Indeed, other courts—confronted with similar individuals' third-country removal challenges—have concluded their petitioners' claims were foreclosed from individual assertion based on *D.V.D.*'s class certification order. *See, e.g., Ghamelian v. Baker*, Civil Case No. SAG-25-02106, 2025 WL 2049981, at *3 (D. Md. July 22, 2025), *recons. denied*, Civil Case No. SAG-25-02106, 2025 WL 2074155 (D. Md. July 23, 2025); *Tanha v. Warden, Baltimore Det. Facility*, No. 1:25-cv-02121-JRR, 2025 WL 2062181, at *5 (D. Md. July 22, 2025) ("The court finds that Petitioner is a member of the *D.V.D.* class."); *I.V.I. v. Baker*, Civ. No. JKB-25-1572, 2025

4

WL 1519449, at *2 (D. Md. May 27, 2025) ("Even stripped of any reference to the District of Massachusetts' order, these claims are the same as (or substantially related to) the class claims being litigated in that district." (citation omitted)). And the Court agrees with both Respondents and *I.V.I.* that, in light of *D.V.D.*'s class certification, "it would be contrary to [comity and judicial economy] principles for [the Court] to assert jurisdiction over virtually identical claims between essentially the same parties." *I.V.I.*, 2025 WL 1519449, at *2; *see also* ECF No. 15 at 16–17. And Mr. Sanchez, in failing to timely file a reply, provides no contrary argument for the Court's consideration.

Accordingly, because Mr. Sanchez is a member of *D.V.D.*'s Rule 23(b)(2) class, he has failed to show a likelihood of success on the merits of his claim. The Court declines to grant him temporary relief and denies his motion. *See, e.g., Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982) ("[A] class member should not be able to prosecute a separate equitable action once his or her class has been certified."); *Denver Homeless*, 32 F.4th at 1277 ("An injunction can issue only if each factor is established" (citation omitted)). Of course, nothing in the Court's order precludes Mr. Sanchez's entitlement to seek relief as a member of the *D.V.D.* class. *See Tanha*, 2025 WL 2062181, at *8.

### III.     CONCLUSION

Consistent with the above analysis, Mr. Sanchez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Stay of Administrative Action, ECF No. 7, is DENIED.

DATED this 20th day of August 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge